UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA FREINER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-01279-SRC |
| | ) |
| HON. MARY RUSSELL, | ) |
| | ) |
| Defendant. | ) |

**Memorandum and Order**

Before the Court is Plaintiff Angela Freiner's [10] Motion for Reconsideration of the dismissal of this matter. As explained below, the Court denies Freiner's motion.

**I.     Background**

**A.  Freiner's amended complaint**

Freiner, a self-represented litigant, filed this action pro se and *in forma pauperis* on October 10, 2023, against the Honorable Mary R. Russell, Chief Justice of the Supreme Court of Missouri. Doc. 1. On October 19, 2023, Freiner filed a typed amended complaint and titled it "Amended Complaint for Damages and Injunction." Doc. 3. In that complaint, she named Chief Justice Russell as the sole defendant. *Id.* Freiner sued Chief Justice Russell in "Her Honor's Official Capacity as Council Chair for the Judicial Council of Missouri, the entity for establishing policies for governing the state's courts in Missouri*." Id*. at 2. The Court, however, was unable to find any record of an entity in Missouri known as the "Judicial Council of Missouri."

In her amended complaint, Freiner claimed that the Court had federal-question jurisdiction pursuant to 28 U.S.C. § 1331, and she alleged violations of the First and Fourteenth Amendments. Doc. 3 at 1. In the section of her amended complaint titled, "Statement of Claim," Freiner alleged:

> I, the Claimant, am a parent recognized as "fit" under the law, with no prior findings of being "unfit." I am challenging the policies implemented by the **JUDICIAL COUNCIL**, which serves as the governing body for Missouri's courts. My challenge revolves around two key issues. First and foremost, I contend that the right to 'parenting' is a fundamental right, as firmly established in *Meyer v. Nebraska*, 262 U.S. 390 (1923). Secondly, I assert that the United States Constitution unequivocally prohibits the issuance of physical custody orders that do not allow for any "actual parenting time" for a parent, *unless that parent is judicially declared 'unfit.'* Such a declaration of 'unfitness' must be supported by clear and convincing evidence of actual harm of an offspring. This evidence should be presented in the course of a duly noticed fitness proceeding initiated by the State.

*Id.* at 2–3 (emphases in the original). Freiner defined her parental fitness as the fact that the state court did not find that she abused, neglected, abandoned, or endangered her minor child. Doc. 3 at 4.

Freiner claimed that the state court wrongfully dispossessed her of fundamental rights under the Fourteenth Amendment, including "care, custody and control" of her minor offspring, as well as her First Amendment right of "private familial speech," by never finding her "unfit." *Id.* at 4. She appeared to acknowledge that the state court granted her supervised visitation with her child, but she argued that supervised visits left her with no actual parenting time because the state was still in control. *Id.* at 5.

Freiner argued that because Chief Justice Russell had a "duty to train Missouri judges" that "fit" parents should have actual parenting time and only "unfit" parents should have a prohibition on physical custody. *Id.* at 7. She claims that the State, rather than another parent, must bring an "unfitness" proceeding. *Id.* at 8.

Freiner claimed that her amended complaint raised a *Monell* claim against Chief Justice Russell based on her failure to properly train family court judges. She asserted that (1) parenting is a fundamental right and (2) courts in Missouri may not issue physical custody orders that grant no actual parenting time without findings of unfitness because, accordingly to Freiner, these

2

policies are unconstitutional. *Id.* at 11; *Monell v. Dep't. of Soc. Servs.,* 436 U.S. 658 (1978). Freiner sought both monetary damages and an order from the Court mandating the Judicial Council to train its judicial officers in Missouri on these issues. *Id.* at 13.

### B. The Court's dismissal of Freiner's complaint

Because Freiner was proceeding *in forma pauperis*, the Court reviewed her complaint pursuant to 28 U.S.C. § 1915 on December 18, 2023. Doc. 8. The Court found that although she attempted to couch her claims against Chief Justice Russell under federal statutes like 42 U.S.C. § 1983, as well as the First and Fourteenth Amendment, her claims were conclusory and lacked factual support. Freiner provided neither facts nor law to suggest that Chief Justice Russell violated federal laws or the Constitution with respect to her claims. "A court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint. If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co.,* 407 F.3d 905, 907 (8th Cir. 2005). Accordingly, the Court dismissed Freiner's complaint for lack of subject-matter jurisdiction.

The Court also found that Freiner's claims against Chief Justice Russell failed to state a claim because it was apparent that Freiner was attempting to contest her state-court custody proceedings in federal court. However, federal courts lack subject-matter jurisdiction to engage in appellate review of state-court decisions. *Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996). And any review of a state-court decision by this Court would most likely violate the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

3

Finally, the Court found that it lacked jurisdiction over cases involving divorce and child custody under the domestic-relations exception to federal-court jurisdiction because state courts have exclusive jurisdiction over these matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992).

### C. Freiner's motion for reconsideration

On December 28, 2023, Freiner filed a motion for reconsideration of the dismissal of this action. Doc. 10. Five days after filing the motion for reconsideration, Freiner filed a notice of appeal on January 2, 2024. Doc. 11. The Eighth Circuit, however, informed the parties that Freiner's notice of appeal "is **ineffective** until the entry of the order disposing of the last outstanding motion" in this Court. Doc. 13 at 1 (emphasis in original). Accordingly, the Court now considers Freiner's motion for reconsideration.

### II. Standard

It is unclear whether Freiner filed her motion pursuant to Federal Rule of Civil Procedure 59(e) (motion to alter or amend the judgment) or 60(b) (relief from judgment for mistake or other reason). Fed. R. Civ. P. 59(e), 60(b); s*ee also Sanders v. Clemco Indus.*, 862 F.2d 161, 164–65, 168–69 (8th Cir. 1988) (discussing differences in characterizing unlabeled motion for reconsideration as either under Rule 59(e) or Rule 60(b)).

Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.,* 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment.

4

Furthermore, district courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

Rule 60(b), on the other hand, provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted). It is not intended to be a vehicle for seeking reconsideration of merit arguments that were previously considered by the Court. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

**III.    Discussion**

Regardless of whether Freiner filed her motion under Rule 59(e) or Rule 60(b), the Court finds that the motion lacks merit. Freiner alleges that she is contesting the dismissal on "grounds of error." Doc. 10 at 2. She asserts that her lawsuit arises under 28 U.S.C. § 1331, federal-question jurisdiction, because she raises claims pursuant to 42 U.S.C. § 1983. Doc. 10 at 2. She requests "reconsideration and proper application of the law regarding federal jurisdiction." *Id.* Similarly,

5

Freiner argues that the Court incorrectly applied the *Rooker-Feldman doctrine*, and she claims that her claims "do not seek direct review of a state court decision." *Id.* Lastly, Freiner asserts that the Court should "reexamine the Domestic Relations Exception," which Freiner does not believe applies to her claims. *Id.*

Freiner did not produce any legal or factual citations supporting her request for reconsideration. There are no grounds in her motion for granting relief under either Rule 59(e) or 60(b). Freiner does not point to any mistake, newly discovered evidence, fraud, or other reason justifying reconsideration of the Court's judgment. Instead, her motion revisits the same arguments made in her amended complaint, and there are no exceptional circumstances that justify extraordinary relief. Freiner is therefore not entitled to reconsideration of the dismissal of her amended complaint, and the Court denies her motion for reconsideration.

**IV.    Conclusion**

Accordingly, the Court denies Freiner's [10] Motion for Reconsideration. The Court orders that an appeal of this action shall not be taken in good faith.

So ordered this 4th day of January 2024.

						_SL R. CR_
						STEPHEN R. CLARK
						 CHIEF UNITED STATES DISTRICT JUDGE